WENDY DUMLAO, Esq. (State Bar #250528)
LAW OFFICE OF WENDY DUMLAO
27475 Ynez Rd #707
Temecula, CA 92591
Phone:     (951) 216-3024
Fax:       (951) 506-9120
Wdumlao@dumlaolaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.C.D. By and Through his Guardians Ad Litem FARAH CHERY and JOHN DAVENPORT, <br><br> Plaintiff, <br> Vs., <br><br> SAN DIEGO UNIFIED SCHOOL DISTRICT, <br><br> Defendant. | Case No.: '23CV0303 W   MSB <br><br> **COMPLAINT** <br><br> **(1) Appealing an Administrative Hearing Decision;** <br> **(2) Award for Attorneys Fees as Prevailing Party Under 20 U.S.C. § 1415.** |

## INTRODUCTION

1. This action is brought pursuant to the Individuals with Disabilities Education and Improvement Act ("IDEA") 20 US.C. § 1400 et seq.

## JURISDICTION AND VENUE

2. This court has jurisdiction of this action under 28 U.S.C. § 1331 because it arises under the Individuals with Disabilities Education and Improvement Act

**1**
COMPLAINT FOR RELIEF UNDER THE INDIVIDUALS WITH DISABILITIES
IMPROVEMENT AND EDUCATION ACT

("IDEA"), 20 U.S.C. § 1400 et seq.  Jurisdiction is expressly vested in this court pursuant to 20 U.S.C. § 1415(i)(2)(A) and 20 US.C. § 1415(i)(3)(A).

3.  Venue is appropriate in this Judicial District pursuant to 28 U.S.C. 1391(b) because Defendant is located within San Diego County, which is within the jurisdiction of the U.S. District Court for the Southern District of California.  All of the events that are subject of this complaint took place within the Southern District.

## PARTIES

4.  Plaintiff E.C.D ("Student" or "Plaintiff") is a citizen of the United States.  At all relevant times herein, Student resided with his parents in San Diego County and within the jurisdictional boundaries of the San Diego Unified School District.

5.  Student's parents, Farah Chery and John Davenport ("Parents"), are citizens of the United States, who at all times herein, resided within San Diego County and the boundaries of the San Diego Unified School District.

6.  Defendant, San Diego Unified School District ("District" or "Defendant") is a public school district organized and existing under the laws of the State of California and is located within San Diego County.  At all relevant times herein, District was the Local Education Agency responsible for providing E.C.D. with a free and appropriate public education ("FAPE"), consistent with the IDEA and corresponding California law.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

7. E.C.D. was found eligible for special education on or about December 2018.

8. E.C.D. attended ECHO Horizon non-public school for students who are deaf or hard of hearing through a settlement agreement that expired on December 31, 2021.

9. Part of that settlement agreement required the defendants to hold an annual IEP meeting and provide an annual offer of FAPE to Eli by December 31, 2021.

10. An IEP meeting was held on December 16, 2021, where Defendants started an annual review and offer of a Free and Appropriate Public Education ("FAPE") for the next year.

11. The Individualized Education Plan ("IEP") team did not complete the review and scheduled a follow-up IEP meeting for January 12, 2022.

12. On January 12, 2022, the school team reconvened and subsequently provided an offer of FAPE.

13. The IEP document offered the following services at Florence Elementary school despite verbally telling Parents the offer was to be provided at Lafayette Elementary school:

    a. Audiological Services – 2 Hours/Year

  b. Specialized Deaf and Hard of Hearing Services (DHH services) – 5 Hours/week

  c. Other Specialized Service for Low Incidence (Speech and language) – 30 Hours/Year

There were various other inconsistencies in the IEP document also that made the offer unclear, including but not limited to, general education minutes, location of services and whether services were push-in or pull-out.

14. The Plaintiff did not agree to the offer of FAPE.

15. An addendum IEP meeting was held on March 16, 2022, to discuss Parents concerns with the January 12, 2022, offer.

16. After the March 16, 2022, IEP meeting a Prior Written Notice ("PWN") sent to the Parents on March 25, 2022, with an IEP document that provided a different offer but was still unclear.

17. The offer in the March 25, 2022, PWN was outlined as follows:

  a. Audiological services – 2 hours/year

  b. Deaf and Hard of Hearing Services – 5 hours and 15 minutes/weekly

  c. Deaf and Hard of Hearing Services for an additional 15 hours/week but only for the first 60 days school. (never discussed at IEP meeting)

  d. Speech – 30 hours/year pull-out services and 15 hours per year push-in speech services at (Florence).

**4**
COMPLAINT FOR RELIEF UNDER THE INDIVIDUALS WITH DISABILITIES
IMPROVEMENT AND EDUCATION ACT

According to the March 25, 2022, PWN, all services were to be at Lafayette. However, the IEP document showed the push-in speech and language services at 15 hours/year to be provided at Florence, despite the defendants declining to have E.C.D. attend his home school (Florence).

18.  E.C.D.'s Parents declined this offer in a letter to the defendants on May 6, 2022.  Parents continued to pay for the non-public school (ECHO) while they pursued an administrative hearing.

19.  On June 8, 2022, Plaintiff filed a complaint for due process with the Office of Administrative Hearings against the Defendant. This complaint alleged procedural and substantive denials of FAPE for the period of January 1, 2022 to June 8, 2022, as described in 14, below.

20.  Did San Diego Unified deny Student a free appropriate public education from January 1, 2022, to June 8, 2022, by:

    (1) failing to offer a placement that meets Student's academic needs;

    (2) failing to offer a placement in the least restrictive environment;

    (3) failing to offer Student a full day of instruction;

    (4) failing to offer adequate deaf and hard of hearing (DHH) services;

    (5) failing to offer adequate speech services;

    (6) failing to offer specialized academic instruction in math and reading;

    (7) failing to provide a clear and specific offer?

21. On or about June 17, 2022, the Defendant filed its response to the Plaintiff's complaint for due process.

22. A scheduling order was issued that set the prehearing conference and the hearing dates, but on June 20, 2022, the parties filed a Joint Request for Mediation and to Continue the Due Process.

23. The request was granted and a prehearing conference was scheduled for September 2, 2022.

24. The new hearing dates were scheduled to start September 13, 2022 through September 15, 2022.

25. pre-hearing conference was held on September 2, 2022, by and the Administrative Law Judge (ALJ) Charles Marson.

26. The hearing commenced on September 13, 14, 15, 16 and 27, 2022.

27. The hearing concluded on September 27, 2022, but the record was held open until October 17, 2022, for the parties to submit closing briefs.

28. Plaintiff and Defendants both submitted closing briefs on October 17, 2022, and the record was closed.

29. A final administrative hearing decision was issued on November 18, 2022.

30. The District prevailed on all issues 1-7. The ALJ's decision admits the offer of FAPE was unclear but still finds in favor of the Defendants.

# FIRST CLAIM FOR RELIEF

## FOR REVERSAL OF THE OAH DECISION IN CASE NO. 2022060214

31. Plaintiff alleges and incorporates by reference as through fully set forth herein, paragraphs 1 - 30, inclusive of this complaint.

32. Plaintiff is a "party aggrieved" by the Office of Administrative Hearings ("OAH") Decision, as defined by 20 U.S.C. § 1415(i)(2)(A) and Cal. Educ. Code § 56505(k). OAH erred by failing to find in E.C.D.'s favor on Issues 1, 4 and 7 and award him his requested remedies, even though he proved these claims at hearing by a preponderance of the evidence.

33. Plaintiff seeks to overturn the Administrative Law Judge's determinations on issues 1, 4 and 7.

## SECOND CLAIM FOR RELIEF
## (FOR RECOVERY OF ATTORNEYS' FEES AND COSTS UNDER 20 U.S.C. § 1415)

34. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1 - 33, inclusive of this complaint.

35. Should this court rule in E.C.D.'s favor on his First Claim for Relief, he would become a prevailing party in the underlying Due Process Hearing.

36. As prevailing party in the proceeding before OAH, Plaintiff is entitled to reimbursement of reasonable attorneys' fees incurred during the course of those proceedings under 20 U.S.C. § 1415(i)(3)(B), as well as for attorney's fees incurred seeking those fees as part of this complaint.

# PRAYER FOR RELIEF

**WHEREFORE, Plaintiff requests judgment as follows:**

### On Plaintiff's First Claim for Relief:

37. Order that the Defendant denied E.C.D. a free appropriate public education from January 1, 2022, to June 8, 2022, by failing to offer a placement that meets Student's academic needs.

38. Order that Defendant denied E.C.D. a free appropriate public education from January 1, 2022, to June 8, 2022, by failing to offer adequate deaf and hard of hearing (DHH) services.

39. Order that the Defendant denied E.C.D. a free appropriate public education from January 1, 2022, to June 8, 2022, by failing to provide a clear and specific offer.

### On Plaintiff's Second Claim for Relief:

40. Award reimbursement for reasonable attorneys' fees and costs incurred in connection with the proceedings before OAH in an amount as determined by the discretion of this court as authorized by 20 U.S.C. § 1415(i)(3)(B).

### On All Claims for Relief:

41. Award reasonable attorney's fees and costs incurred in connection with the current proceeding.

42. For such additional relief as the court determined is appropriate.

//
//
//
//
//

COMPLAINT FOR RELIEF UNDER THE INDIVIDUALS WITH DISABILITIES IMPROVEMENT AND EDUCATION ACT

Date: February 15, 2023

Respectfully Submitted by:

                LAW OFFICE OF WENDY DUMLAO

                By: <u>S/Wendy Dumlao</u>
                Wendy R. Dumlao

                Attorney for Plaintiff
                E-mail: wdumlao@dumlaolaw.com