UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.C.D, by and through his Guardians Ad Litem FARAH CHERY and JOHN DAVENPORT,<br><br>    Plaintiffs,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No.: 3:23-cv-00303-BEN-MSB<br><br>**ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**<br><br>**[ECF No. 21]** |

## I. INTRODUCTION

Plaintiff E.C.D., by and through his Guardians Ad Litem Farah Chery and John Davenport, brings this action against Defendant San Diego Unified School District (the "District") appealing a decision pursuant to the Individuals with Disabilities Education and Improvement Act ("IDEA") 20 U.S.C. §§ 1400 *et seq.* Before the Court is Plaintiff's Motion to Supplement the Administrative Record. ECF No. 21. The Motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. *See* ECF No. 23. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS-**

-1-

**IN-PART** Plaintiff's Motion.

## II.  BACKGROUND

This case arises from Plaintiff's alleged denial of a free and appropriate education pursuant to IDEA and a subsequent administrative hearing that resulted in a decision favoring the District.

### A.  Factual Allegations and Procedural Background

Plaintiff alleges that the District "is a public school district organized and existing under the laws of the State of California" and "[a]t all relevant times herein, District was the Local Education Agency responsible for providing E.C.D. with a free and appropriate public education ("FAPE"), consistent with the IDEA and corresponding California law." ECF No. 1 at 2, ¶ 6. In December 2018, Plaintiff was found eligible for special education. *Id.* at 3, ¶ 7. Plaintiff attended a "non-public school for students who are deaf or hard of hearing through a settlement agreement that expired on December 31, 2021." *Id.* at 3, ¶ 8. The "settlement agreement required the defendants to hold an annual IEP meeting and provide an annual offer of FAPE to [Plaintiff] by December 31, 2021." *Id.* at 3, ¶ 9.

"An IEP meeting was held on December 16, 2021, where [the District] started an annual review and offer of . . . [FAPE] for the next year." *Id.* at 3, ¶ 10. The IEP "team did not complete the review and scheduled a follow-up IEP meeting for January 12, 2022." *Id.* at 3, ¶ 11. On January 12, 2022, the school team reconvened and provided the following offer of FAPE through Florence Elementary School: (1) two hours per year of audiological services; (2) five hours per week of specialized deaf and hard of hearing services; and (3) thirty hours per year of other specialized service for low incidence (speech and language). *Id.* at 3–4, ¶¶ 12–13. Plaintiff alleges various inconsistencies in the IEP document, making the offer unclear, which include: (1) that the school verbally told Plaintiff's Parents the offer was to be provided through Lafayette Elementary School instead of Florence; (2) general education minutes; (3) location of services; and (4) whether services were push-in or pull-out. *Id.* at 4, ¶ 13. Plaintiff did not agree to the FAPE offer. *Id.* at 4, ¶ 14.

On March 16, 2022, an addendum IEP meeting was held to discuss the Parents'

concerns with the January 12, 2022 FAPE offer. *Id.* at 4, ¶ 15. On March 25, 2022, a Prior Written Notice ("PWN") was sent to the Parents with an IEP document that provided a different—but still unclear—offer. *Id.* at 4, ¶ 16. The PWN offer included: (1) two hours per year of audiological services; (2) five hours and fifteen minutes per week of deaf and hard of hearing services; (3) fifteen additional hours per week of deaf and hard of hearing services but only for the first sixty school days (which was not discussed at the IEP meeting); (4) thirty hours per year of pull-out speech services, 15 hours per year of push-in speech services. *Id.* at 4, ¶ 17. Although the PWN stated that all services were to be at Lafayette, the IEP showed that the push-in speech and language services were to be provided at Florence. *Id.* at 5, ¶ 17. On May 6, 2022, the Parents declined this offer and continued to pay for non-public school while they pursued an administrative hearing. *Id.* at 5, ¶ 18.

"On June 8, 2022, Plaintiff filed a complaint for due process with the Office of Administrative Hearings against the [District]." *Id.* at 5, ¶ 19. The administrative complaint "alleged procedural and substantive denials of FAPE for the period of January 1, 2022 to June 8, 2022 . . . ." *Id.* The alleged denials include: (1) failing to offer a placement that meets Plaintiff's academic needs; (2) failing to offer a placement in the least restrictive environment; (3) failing to offer Plaintiff a full day of instruction; (4) failing to offer adequate deaf and hard of hearing services; (5) failing to offer adequate speech services; (6) failing to offer specialized academic instruction in math and reading; and (7) failing to provide a clear and specific offer. *Id.* at 5, ¶ 20.

An administrative hearing took place on September 13, 14, 15, 16, and 27 of 2022. *Id.* at 6, ¶ 26. Although the hearing concluded on September 27, 2022, the record remained open until October 17, 2022, for the parties to submit closing briefs. *Id.* at 6, ¶ 27. The Administrative Law Judge ("ALJ") issued a final administrative hearing decision on November 18, 2022. *Id.* at 6, ¶ 29. The District prevailed on all issues, even though "[t]he ALJ's decision admits the offer of FAPE was unclear . . . ." *Id.* at 6, ¶ 30.

Plaintiff brings the instant complaint alleging that despite the ALJ's decision,

Plaintiff proved by a preponderance of the evidence that: (1) the District failed to offer a placement that meets Plaintiff's academic needs; (2) the District failed to offer adequate deaf and hard of hearing services; and (3) the District failed to provide a clear and specific offer. *See id.* at 7, ¶ 32. Plaintiff now seeks to overturn the ALJ's decision on these issues. *Id.* at 7, ¶ 33.

Currently before the Court is Plaintiff's Motion to Supplement the Administrative Record. ECF No. 21. The District opposes the motion. ECF No. 22.

### III. **LEGAL STANDARD**

When reviewing an administrative hearing decision under IDEA, statutory guidelines provide that the court:

> (i) shall receive the records of the administrative proceedings;
> (ii) shall hear additional evidence at the request of a party; and
> (iii) basing its decision on the preponderance of the evidence,
> shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2)(C). This form or standard of "judicial review in IDEA cases differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review." *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993). Pursuant to IDEA, federal courts have "a continuing obligation to ensure that the state standards themselves and as applied are not below the federal minimums . . . . [which] persists despite any state administrative rulings on federal law or state recodifications of federal law." *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Off. of Admin. Hearings*, 652 F.3d 999, 1005 (9th Cir. 2011) (quoting *Town of Burlington*, 736 F.2d at 792). "The requirement that federal courts consider additional evidence when evaluating state administrative rulings implements the intent that federal courts enforce the minimum federal standards IDEA sets out." *Pajaro Valley Unified Sch. Dist.*, 652 F.3d at 1005.

At the same time, the Supreme Court has held that IDEA's preponderance of the

evidence standard "is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 206, 102 S. Ct. 3034, 3051, 73 L. Ed. 2d 690 (1982). Instead, "courts must give 'due weight' to judgments of education policy . . . ." *Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1311 (9th Cir. 1987). "How *much* deference to give state educational agencies, however, is a matter for the discretion of the courts," *id.*, and the amount of deference given to a "hearing officer's findings increases where they are 'thorough and careful.'" *Capistrano Unified Sch. Dist. v. Wartenberg By & Through Wartenberg*, 59 F.3d 884, 891 (9th Cir. 1995). The Ninth Circuit has held that the district court should "read the administrative record, *consider the new evidence*, and make an independent judgment based on a preponderance of evidence and giving due weight to the hearing officer's determinations." *Id.* at 892 (emphasis added).

In *Ojai*, the Ninth Circuit addressed the standard for the admission of additional evidence by adopting the approach developed by the First Circuit in *Town of Burlington v. Dep't of Education*. *See Ojai*, 4 F.3d at 1472–73 (citing *Town of Burlington*, 736 F.2d at 790–91). That standard construes "additional" to mean "supplemental." *Ojai*, 4 F.3d at 1472–73 (citing *Town of Burlington*, 736 F.2d at 790–91). Although the reasons for supplementing the record may vary, "they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Ojai*, 4 F.3d at 1473 (quoting *Town of Burlington*, 736 F.2d at 790–91). The determination of what is "additional" evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*. *Ojai*, 4 F.3d at 1473 (quoting *Town of Burlington*, 736 F.2d at 790–91). In considering the admission of after-acquired evidence, the Ninth Circuit has instructed that "[t]he proper inquiry was whether the report was relevant, non-cumulative, and otherwise admissible."

*Pajaro Valley Unified Sch. Dist.*, 652 F.3d at 1006.

IV. **DISCUSSION**

Plaintiff seeks to supplement the Administrative Record with twelve exhibits, ranging from recordings of the various IEP meetings to documents that post-date the hearing. The District opposes Plaintiff's requests, arguing the post-dated documents and certain recordings are irrelevant and/or cumulative. The Court **GRANTS-IN-PART** Plaintiff's Motion as set forth below.

A. **Post-Hearing Evidence (Exhibits 1 through 9)**

Plaintiff first offers the Assessment and C.V. of Dr. Wetter, who found that Plaintiff also has dyslexia, which was not addressed by the District in its assessments and IEP offer the prior year. ECF No. 21-1. Plaintiff argues that "Dr. Wetter's assessment was not available at the time of the hearing because it was completed after Plaintiff was still struggling academically despite having a full day of DHH services in a general education classroom." *Id.* at 5. Plaintiff further argues that Dr. Wetter reviewed the District's "assessment as part of his own and opines that when assessed by the" District, Plaintiff "also struggled on several measures of phonological processing, including awareness, memory, and fluency." *Id.* Although a comprehensive assessment of his academic achievement skills was not performed at the time, "both a screening assessment and reading readiness questionnaires completed by" the Parents and teachers indicated academic risk and that Plaintiff's reading readiness was below average. *Id.* Plaintiff further explains that his "parents asked for additional specialized academic instruction (SAI) during the IEP meetings in 1/2022 and 3/2022 and it was denied." *Id.* at 6. Plaintiff argues that had the District "addressed these deficits in 1/2022 that existed at the time of their own testing, Plaintiff would have made progress. But because they did not, he continued to struggle until his Parents sought the intervention out themselves." *Id.* As such, Plaintiff argues that Dr. Wetter's assessment is relevant to whether the District failed to offer a placement that meets Plaintiff's academic needs. *Id.* at 6. Based on these arguments, the assessment appears non-cumulative and at the very least, relevant to the question of whether Plaintiff's

academic needs were met in the District's proposed placement.

Next, Plaintiff offers the April and September 2023 CORE phonics tests and ECHO with his teachers' emails which "all show the progress he would have made if the [District] would have provided a placement with services that met Plaintiff's academic needs." ECF No. 21-1 at 6. Plaintiff contends that during the IEP meetings and the hearing, the District "argued that Plaintiff did not need separate SAI." *Id.* The District maintained that "Plaintiff only needed DHH services to make progress." *Id.* Plaintiff contends this evidence was not available at the time of the hearing, but "shows that full time DHH services were not enough." *Id.* Plaintiff contends that "[w]hen Plaintiff received reading intervention that addressed his phonological processing deficits and learning disorder, he made progress." *Id.* Plaintiff explains that "[t]his additional support was denied by the [the District] although its own assessment reports show the presence of dyslexia." *Id.* This evidence also appears non-cumulative and relevant to whether the District offered a placement that met Plaintiff's academic needs.

Last, Plaintiff offers Jean Davenport's progress report and letters, arguing they "were not available at the time of hearing because Plaintiff had not yet discovered he had dyslexia and needed this systematic and targeted reading intervention." ECF No. 21-1 at 6. Plaintiff continues that the "progress report explains Plaintiff's progress between April 2023 and September 2023, while he was receiving the reading intervention through the Wilson program." *Id.* "In January 2022 and March 2022, Plaintiff's parents had requested additional SAI because the District's tests showed that he was below expected grade level on academic readiness," and "because Plaintiff's teachers were reporting that he was behind in academics at their school." *Id.* at 6–7. Plaintiff argues that the "District discounted this information and denied the Parents' request." *Id.* at 7. Once again, the evidence is at the very least non-cumulative and relevant to whether Plaintiff was offered a proper placement by the District. As such, the Court finds Plaintiff met his burden for the Court to supplement the record with the above evidence.

The District opposes Plaintiff's contentions by making the same argument respecting

all of the above evidence (*i.e.*, Exhibits 1 through 9). The District contends that the evidence is irrelevant because the Exhibits are dated after both the applicable time period and the administrative hearing. ECF No. 22 at 12–13. But "[c]ontrary to [the District's] argument, there is not a blanket prohibition of evidence regarding events subsequent to the Administrative Hearing." *W.H. ex rel. B.H. v. Clovis Unified Sch. Dist.*, No. CVF08-0374LJO DLB, 2008 WL 5069711, at *6 (E.D. Cal. Nov. 25, 2008). In fact, the Ninth Circuit has specifically held that "the district court has discretion to admit additional evidence 'concerning relevant events occurring subsequent to the administrative hearing." *Ojai*, 4 F.3d at 1473. In *Ojai*, the Ninth Circuit found that the district court was acting within its discretion when it allowed "school officials to introduce evidence of an alternative placement that had not been considered during the administrative hearings." *Id.* at 1472. This evidence was in the form of affidavits and was presented nearly a year after the hearing officer rendered the initial decision. *Id.* at 1473. Even so, the Court found the evidence relevant to the district court's review of the hearing officer's decision regarding educational placement. *Id.*

The District cites *Adams v. State of Oregon*, 195 F.3d 1141, 1149 (9th Cir. 1999) to argue that evidence dated after an administrative hearing is not relevant. ECF No. 22 at 12. In *Adams*, the Ninth Circuit quoted the Third Circuit's holding that:

> Actions of the school systems cannot . . . be judged exclusively in hindsight . . . . [A]n individualized education program ("IEP") is a snapshot, not a retrospective. In striving for "appropriateness," an IEP must take into account what was, and was not, objectively reasonable when the snapshot was taken, that is, at the time the IEP was drafted.

*Adams*, 195 F.3d at 1149 (quoting *Fuhrmann v. East Hanover Bd. of Educ.*, 993 F.2d 1031, 1041 (3d Cir. 1993)). However, the Court sharpened this holding by stating how separate findings could "shed light on the adequacy of early interventions services," but that "such evidence is not outcome determinative." *Adams*, 195 F.3d at 1149. This notion is

consistent with *Ojai*, which indicates that additional evidence outside the supposed "snapshot"—while not outcome determinative—can still shed light on the adequacy of the District's IEP. Even more, *Adams* did not address a motion to supplement the administrative record. *See Adams*, 993 F.2d at 1150–51. Thus, the applicability of *Adams* is limited for purposes of resolving Plaintiff's Motion to Supplement the Administrative Record. While admitted today, the weight afforded to the supplemental evidence will be decided during the Court's review on the merits.

The District seems to ignore the Ninth Circuit's decision in *Ojai*—which clearly holds that subsequent evidence may be admitted at the discretion of the district court so long as it is relevant—and does not dispute relevance on other grounds. This Court accepts Plaintiff's reasoning. Assessments and reports concerning Plaintiff's dyslexia and subsequent progress could, at the very least, shed light on whether the District failed to offer a placement that met Plaintiff's academic needs. The evidence is therefore relevant. The merits of this litigation, however, are not currently briefed before the Court. As such, the Court makes no finding as to the weight of Plaintiff's evidence and instead, holds only that it is relevant, non-cumulative, and otherwise admissible. Accordingly, the Court **GRANTS** Plaintiff's Motion to Supplement the Administrative Record with Exhibits 1 through 9.

### B. IEP Meeting Recordings and Transcript (Exhibits 10 and 11)

Plaintiff seeks to supplement the Administrative Record with: (1) the January 12, 2022 IEP meeting recording; (2) the January 12, 2022 IEP meeting transcript; (3) the December 16, 2021 IEP meeting recording; and (4) the March 16, 2022 IEP meeting recording. Plaintiff argues that "[t]hroughout the hearing, the ALJ excluded IEP recordings, despite factual disputes existing related to the IEP offers and if the IEP was draft or final offer." ECF No. 21-1 at 2. Plaintiff argues that "[t]he ALJ refused to allow Plaintiff's counsel to use the recordings as evidence or for impeachment purposes and then excluded them completely from the record." *Id.* at 3. Plaintiff argues this evidence is linked to the legal issues of: (1) whether the District failed to offer adequate deaf and hard

of hearing services; and (2) whether the District failed to provide a clear and specific offer. *Id.* at 3. Plaintiff contends that "[d]uring the hearing, factual disputes existed about what occurred at the IEP meetings, including whether a clear and specific offer was provided." *Id.* at 7. Plaintiff argues that the ALJ had no reasonable explanation to leave the evidence out of the record, given its relevance. Plaintiff contends that the recordings and transcript will help the Court get to the truth of what occurred during those meetings. *Id.*

As an initial matter, the District points out that the transcript to the January 12, 2022 IEP meeting is included in the Administrative Record, and based on a review by this Court, the District is correct. *See* Administrative Record, Volume I, ECF No. 19 at 447–96. No portion of the transcript appears to be missing and Plaintiff provides no arguments to rebut the District's assertion. As for the recording, Plaintiff fails to distinguish the recording from the transcript, or provide any explanation supporting the need for both. For these reasons, the Court finds that supplementing the record with the transcript and recording of the January 12, 2022 IEP would be cumulative, meaning it cannot constitute "additional evidence" for purposes of IDEA. Accordingly, the Court **DENIES** Plaintiff's request to supplement with the January 12, 2022 IEP meeting recording and transcript.

In contrast, as for the December and March IEP meetings, despite the District's argument, they appear relevant. First, the meetings are what precipitated the IEP offer at issue. Second, Plaintiff previously moved to include the IEP meeting transcripts into the record, and this request was denied by the ALJ. Third, and most important, the ALJ refers to the meetings in his decision—pointing to notes from the March meeting and observing that certain evidence was not communicated during either meeting. *See, e.g.*, Administrative Record, Volume II, ECF No. 19-1 at 414, 420, 423, 424. Furthermore, it makes sense to include the December 2021 and March 2022 IEP meeting transcripts, given that the January 2022 transcript is already included the record. It remains to be seen the extent to which the transcripts will be relevant, but at the very least, the Court should have the same information before it that was presented to the ALJ (especially given that the meetings were referenced in the ALJ's decision). For these reasons, the Court exercises

its discretion and **GRANTS-IN-PART** Plaintiff's request. Plaintiff may supplement the record with the transcripts from the December 2021 and March 2022 IEP meetings. The Court prefers transcripts over recordings. However, to the extent the transcripts are unavailable, Plaintiff may supplement the record with the December 2021 and March 2022 IEP meeting recordings, along with a declaration explaining why the transcripts are not available.

### C.  Partial Recording of Administrative Hearing (Exhibit 12).

Plaintiff argues that "[w]hen reviewing the administrative record, Plaintiff's counsel found that there is only a partial transcript of the hearing on 9/27/22." ECF No. 21-1 at 7. Plaintiff argues that the District's "employee Amy Slavik was testifying," and "the ALJ also reviewed the evidence that would be admitted." *Id.* Plaintiff contends that "[b]oth of these are missing from the transcript and relevant to the decision made by the ALJ, whether he should be given deference and the legal issues being appealed by Plaintiff." *Id.* Accordingly, Plaintiff asks that the record be supplemented with the partial recording of the September 27, 2022 hearing. *Id.* The District does not necessarily oppose this request to the extent the portions of the record are actually missing. ECF No. 22 at 18–19. The District argues Plaintiff's motion is premature and does not meet its burden in establishing that the record is lacking, nor has Plaintiff cited "any mechanical failure or other explanation for the alleged missing portions of the AR." *Id.*

The face of the transcript for the September 27, 2022 hearing date does not appear to be missing any pages. However, there are several notations by the court reporter stating "inaudible" and the hearing occurred over several days. Additionally, the Court sees no testimony from an "Amy Slavik." As such, the Court cannot say with certainty that the entire transcript is in the record. Because the hearing transcript is important to this Court's ultimate review of the ALJ's decision, the record must be complete. Accordingly, the Court **GRANTS-IN-PART** Plaintiff's request to supplement the record with the partial recording of the September 27, 2022 hearing to the extent the transcript is lacking. However, Plaintiff must also file an accompanying declaration, clarifying where the record

appears to be lacking by making precise citations to the administrative record, if possible, and the supplemental recording.

## V. CONCLUSION

For the above reasons, the Court:

1. **GRANTS** Plaintiff's Motion to Supplement the Administrative Record with Exhibits 1 through 9.

2. **DENIES** Plaintiff's Motion to Supplement the Administrative Record with the transcript and recording of the January 12, 2022 IEP meeting, Exhibit 10 and included in Exhibit 11.

3. **GRANTS-IN-PART** Plaintiff's Motion to Supplement the Administrative Record with the December 2021 and March 2022 IEP meeting transcripts included in Exhibit 11.  Plaintiff moved to supplement the record with the recordings of these IEP meetings but the Court prefers transcripts.  Plaintiff must comply with this Court's instructions as set forth in Part IV.B.

4. **GRANTS-IN-PART** Plaintiff's Motion to Supplement the Administrative Record with the partial recording of the September 27, 2022 hearing, Exhibit 12, as outlined in Part IV.C.

**IT IS SO ORDERED.**

DATED:   June 21, 2024

_____
HON. ROGER T. BENITEZ
United States District Judge